People of the State of New York, Appellant, *v.* Beckie Kuperschmid and Israel Lippa, etc., Respondents.

(Supreme Court, Appellate Term, First Department, June, 1919.)

Penalties — action to recover for selling adulterated malted milk — Agricultural Law, § 30(7).

> An action to recover a penalty for selling malted milk manufactured from adulterated milk, as defined by section 30(7) of the Agricultural Law, lies upon proof that the milk complained of was manufactured from powdered skimmed milk.

APPEAL by plaintiff from a judgment of the Munici-pal Court of the city of New York, borough of Man-hattan, fourth district, in favor of defendant after a trial by a court without a jury.

Charles D. Newton, Attorney-General (Robert P. Beyer, Deputy Attorney-General, of counsel), for appellant.

Max Lippman (Nathan I. Sachs, of counsel), for respondent.

BIJUR, J.  This action is brought to recover a penalty under section 52 of the Agricultural Law for selling malted milk manufactured from adulterated milk as defined by section 30 of said law.  Reference was also made on the trial to section 201 of the Agri-cultural Law which defines the adulteration or mis-branding of an article of food.  It was proved on the trial and is not questioned on this appeal, that the malted milk at issue was manufactured from powdered skimmed milk.  Respondent argues that the basis of the court's judgment was that no standard was fixed by the statute for malted milk, and it is suggested that a person who buys malted milk expects to purchase a white powder and not a liquid, and since he does not expect to purchase milk the fact that the powder is made out of skimmed milk is not a violation of the statute.  Respondent also argues that under subdivi-sion 8 of section 30 of the Agricultural Law, since adulterated milk is defined as milk " to which has been added or into which has been introduced any foreign substance whatever," the very malting of the milk would be an adulteration if plaintiff's position is to be carried to its logical conclusion.  I do not think that the respondent accords to the statute a fair or

reasonable construction.  In my opinion, it was not intended to prevent the sale either of powdered or evaporated milk, *providing* the manufacturing process did no more than reduce the milk to the form of a solid or a powder.  Nor was it designed to prevent the sale of milk which had been malted any more than the sale of milk that had been sweetened; but when a person undertakes to sell under that designation either malted milk or sweetened milk, the milk may not first be adulterated as defined by section 201.  Subdivision 3 of section 201 defines an article as adulterated " If any valuable constituent of the article has been wholly or in part abstracted, so that the product, when sold or offered for sale, shall deceive or tend to deceive the purchaser."  Malted milk, therefore, must in the first instance be composed of unadulterated *milk*.  The milk from which the malted milk complained of was produced had first been adulterated, as under section 30, subdivision 7, it was milk from which the cream had been removed.

Guy and Mullan, JJ., concur.

Judgment reversed and new trial granted, with thirty dollars costs to appellant to abide event.